## Provident Securities and Banking Company of Boston *v.* First National Bank of Gallitzin, Appellant.

*Banks and banking—Checks—Bills of exchange—Negotiable paper—Acceptance—Notary public.*

The 137th section of the Act of May 16, 1901, P. L. 194, imposes a statutory duty on the drawee of a bill of exchange or check, to return the same accepted, or nonaccepted, to the holder within twenty-four hours after the same is delivered to such drawee, unless the holder may allow a greater period, and the failure to so return renders the drawee liable as an acceptor. The act of a bank in delivering checks to a notary public for protest is not a compliance with the act, and does not relieve the drawee from liability.

Argued May 4, 1908. Appeal, No. 206, April T., 1908, by defendant, from judgment of C. P. Cambria Co., June T., 1905, No. 41, on verdict for plaintiff in case of The Provident Securities and Banking Company of Boston v. The First National Bank of Gallitzin. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

18 PROVIDENT S. & B. CO. *v.* FIRST NAT. BK., Appellant.

Statement of Facts—Opinion of the Court. [37 Pa. Superior Ct.

Assumpsit for loss occasioned by the failure to return a check. Before O'Connor, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $542.75. Defendant appealed.

*Error assigned* was in refusing judgment for defendant non obstante veredicto.

*John E. Evans*, with him *George W. Flowers* and *Chas. S. Evans*, for appellant.

*M. D. Kittell*, with him *J. S. Leisenring*, for appellee.

Opinion by Henderson, J., July 15, 1908:

The same questions presented in this appeal were considered and determined in Wisner v. First National Bank of Gallitzin, 220 Pa. 21, in which case Mr. Justice Mestrezat, in a clear and comprehensive opinion, discusses the effect of the 137th section of the Act of May 16, 1901, P. L. 194, and shows that it imposes a statutory duty on the drawee of a bill of exchange or check, to return the same accepted or nonaccepted to the holder within twenty-four hours after the same is delivered to such drawee, unless the holder may allow a greater period, and that the failure to so return renders the drawee liable as an acceptor. A restatement of the argument would not aid in the interpretation of the statute. It was expressly decided in that case that the act of the bank in delivering the checks to a notary public for protest was not a compliance with the section of the act referred to and did not relieve the drawee from liability. We do not find any facts distinguishing this case from the one referred to.

The judgment is affirmed.